


IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BETTY J. SCOTT

    Plaintiff,

V

ATTORNEY HOLLIS, HOMELIFE
SUBDIVISION INC, AMHURST
SUBDIVISION, THELMA CUMMINGS
MOORE ESQ. DON BROCK;
MARCUS ALLAN, GWEN JACKSON
BUILDER CHRISTOPHER J. MOODY
Et al.

    Defendants',

CIVIL ACTION FILE
NO.
**1:13-CV-2004**

**JURY TRIAL DEMANDED**

## COMPLAINT FOR FRAUD & FORGERY BY DECEPTION, EMOTIONAL DURESS AND UNJUST ABUSE OF POWER WITH REQUEST TO AMEND IF NEEDED WITHIN 60 DAYS OF ACCEPTANCE

Comes Now, Plaintiff, Betty J. Scott, and files her Complaint against the above-named Defendants on the following grounds:

### INTRODUCTION

**1.**

This is an action for Fraud, Forgery by Deception Unjustifiable abuse of power against the Plaintiff fourth Amendment Rights by a judicial figure sworn to uphold the law through an oath of office. And participated freely in

the abuse to steal rightfully owned property, after knowing allowing a contract deemed null and void by breach of contract be considered a valid legal contract in Court. Also allowing signatures to be forged and transferred from one contract to another without permission of either the initial or legal party in question or their acting counsel. Then to allow the property to be negotiated with being Betty J. Scott, Plaintiff, but never consummated sold to a possible future tenants Marcus Allan, Gwen Jackson, et al., of the Defendant Amhurst Subdivision two months earlier before any agreement was ever signed by either parties being Plaintiff, Attorney Hollis nor Home life Subdivision aka Don Brock. A letter previously signed by the counsel, Rex McClinton, Home Life aka Don Brock, and their counsel Attorney Hollis and Plaintiff Betty J. Scott stated that unless all parties were present at the signing of the agreement, all previous agreements would be considered null and void.

## JURISDICTION

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. S 2000e et seq. (Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. Majority of the Defendants are participants who

signed their oath of office to uphold certain standards of ethical laws of practice, none being above the law.

3.

This Court has personal jurisdiction over Defendant Attorney Hollis, Attorney Thelma Cumming Moore, and Home Life Subdivision, et al., Defendant Home life has other subdivision in other states and cities in and around Georgia that has since been named other entities.

## VENUE

4.

Defendants operate their businesses within the Northern District of Georgia. All actions by Defendants alleged herein occurred within the Northern District of Georgia. Venue in this district is proper for the Defendants pursuant to 28 U.S.C. S 1391 (b) & (c).

## THE PARTIES

5.

The Plaintiff is a female residing in Atlanta, Fulton County Georgia, and is an elderly pre- senior citizen trying to live her American dream peacefully and without harm.

6.

Defendants, though in various capacities of life either practice law, once served in a justice or judicial seat overseeing matters of the law, and others in other areas of business in the Northern District of Georgia and is subject to the jurisdiction of this Court. Defendants all may be served with summons and process by service upon itself or registered agents, at different addresses to be later revealed within Georgia.

## FACTS

7.

Defendants initial met the Plaintiff after she purchased property in Aug. 1999 from Claudia Butt located at 3444 West Stubbs Road that included a total of Seven (7) acres. The Defendant Home Life who had recently purchased property for a future subdivision from the previous owners 'Centex' Homes in 2000. The Defendant Home Life aka Don Brock who previously had sold property for construction of homes for the Defendants Marcus Allen and Gwen Jackson et al., without a signed agreement with the Plaintiff to in-crunch upon her domain rushed forward in their endeavors to close agreements illegally and without validity of negotiations with the Plaintiff as agreed.

8.

Defendants' has forged documents that the honorable Judge Marvin Arrington presided upon during the year 2006, and Ordered that all parties along with their surveyor's journey to the location of 3414 West Stubbs Road to the consummation of the agreement. Since that time the Defendant James L. Hollis has manipulated as well as transferred signatures from one document to another to make all documents appear as all parties were present after the Plaintiff supporting counsels' demise.

9.

The files of the Plaintiffs' counsel was delivered to the Plaintiff by the attorney with all criminating evidence that fraud, theft, bribery and many other offenses had taken place during all of her trial cases with all original documents.

10.

The Plaintiff discovered that her counsel had communicated to Defendants' that the sale between the Plaintiff was null and void, and that if any agreement for the sale was to take place all parties would have to be there at the same time with all signatures notarized.

11.

The Defendant James L. Hollis took the Plaintiff to Court before the Honorable Thelma Cumming Moore prior to the discovery of the documents to secure not only three feet but and additional 20 feet after discovering that the builder Steve along with Home Life had already built the new homes over twenty additional feet beyond the original agreement.

12.

The Honorable Judge Thelma Cumming Moore previously presided over a case with the Plaintiff before with the seller Claudia Butt and the Plaintiff won the case.

So the Defendants knew the facts of the Plaintiff ownership the width and length as well as the breath of the bumper zones and plats so for her to agree to give all the property to the Defendants' was a blatant abuse and misuse of justice on her behalf of power.

13.

The Defendant has failed to uphold his oath of the Georgia Bar when he committed a crime of deception and forgery when he had someone sign the manipulated documents when the Plaintiff discovered that the sale was considered null and void when she looked at the original documents obtained from her counsel Rex McClinton. The counsel that was threaten through extortion if he did not relinquish his representation of the Plaintiff he the Defendant James L. Hollis would along with his illegal actions would be exposed.

14.

The judge acted against her legal duties to uphold the Plaintiff Fourth Amendment Right of due process would not allow her exhibits nor her answers be recorded in Court.

15.

The Plaintiff has now discovered proof of fraud, deception and forgery in the actions of these Defendants. The statue of limitations stands within the limit of six (6) years after the date of discovery of the act, therefore since this has now come in light of discovery when the Defendant faxed, and then overnight and mail copies of forged documents making it also mail fraud. The Plaintiff comes before the Court to ask for mercy of her due process be granted.

16.

These actions by the all the Defendants has caused undue emotional duress that has cause the Plaintiffs health to suffer greatly. She the Plaintiff financially has been threaten by not only the Defendants Marcus Allan and Gwen Jackson of physical and commercial harm, but also by the Code Enforcement officer Simeon, Wright, Randy Beck, Bobby Smith or Parker & Greene and their officials of her possible arrest if she doesn't comply with the Defendants' needless harassment tactics.

**COUNT ONE: FRAUD & DECEPTION THROUGH FORGERY et al.,**

17.

Plaintiff incorporates herein paragraphs 1 through 17 of her Complaint.

18.

Defendants have engaged in intentional Fraud, Deception through Forgery, Mail Fraud, Misuse and Abuse of Power to Defraud through deliberate and blatant actions to obtain property and cover-up illegal sale and negotiation of property.

19.

The legal term for civil as well as criminal fraud accessed it as See in Southern Development Co. v. Silva, 125 U.S. 247, 8 S. Ct. 881, 31 L.Ed. (1887) the Supreme Court defined the legal elements of a civil fraud as follows:

[ The defendant has made a representation in regard to a material fact

Note: Statements that express an opinion or judgment, honestly entertained, are excluded. It is not fraud when an investment adviser causes big losses with a bad recommendation, as long as everything in the deal is aboveboard. Statements made during commercial exchanges have special protection. Only deliberate misrepresentations are actionable as fraud,]

(*Pizzo, Stephen et al. Inside job. The looting of America's Savings and Loans. Harper-Perennial, 1991:p.318.*

a. The representation was false

b. The defendant knew the representation was false

c. The representation was intended to provoke an action by the Plaintiff

d. The Plaintiff suffered damages as a result

e. In acting, the Plaintiff reasonably assumed the representation was true.

Demonstrating materiality means showing that statements by the defendants were not only false, but furthered along the act of fraud, Consider an embezzlement case in which a man named Hunter Pascal plundered the investment fund of a private school. It may not be material, for example, that Hunter Pascal told auditors he had three kids when he didn't have any. But hiding and destroying the financial records of his school played a role in extending the life of the embezzlement, and so this fact is material to the trial. Civil Plaintiffs also have to show they actually suffered damages (i.e.,harm)in which the Plaintiff will clearly and plainly show, as a result of these fraudulent acts, while criminal prosecutions have no such burden. You cannot take even the cattiest conman to civil court just for running a scam; you actually have to lose something, in which the Plaintiff will show she has loss not only her physical health, finances, but also her good name in the community.

20.

The Plaintiff has satisfied all statutory prerequisites for filing this action.

21.

On or about the year of 2006 the Defendants Home Life acquired property located in the West Stubbs Rd area previously owned by Centex Homes, later transferred by sale to Home Life then finally to Anhurst Subdivisions. In the initial purchase the Plaintiff was approached by the builders that additional land would be needed in order to complete their construction in the Centex 'Home Life' Subdivision. The counsel James L. Hollis of Home Life approached the Plaintiff of their desire to purchase three (3) feet to complete adequate construction, so the Plaintiff retained counsel of Rex McClinton to negotiate the sale of the three (3) feet. The Plaintiff drew up the agreement with the intention that all parties would meet in a confined area to secure the agreement, but the Plaintiff received a call from the Defendant that they would meet in the parking lot of Greenbrair Mall still with the understanding that all parties would be present. Upon arrival at the perspective location it was discovered everyone wasn't there, and the Plaintiff stated to the Defendant James L. Hollis that all parties wasn't present.

have to come off the case, and she asked him could he please stay on until after they appeared before Judge Marvin Arrington.

22.

The Plaintiff has filed this action under and pursuant to Mail Fraud (18 U.S.C. S 1341: Wire Fraud (18 U.S.C. S 1343): RICO (18 U.S.C. SS 1961 et seq.): False Statements (18 U.S.C. S 1001): Identity theft (18 U.S.C. S 1028): Conspiracy (18 U.S.C. S 371): as well as deception and other charges to be amended further in this Complaint upon discovery.

23.

Defendant although not the Plaintiffs employer in circumspect but as a exculpatory evidence proprietary source committed discriminatory conduct against the Plaintiff in violation of Title VII, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige, by loss of business.

24.

Defendants' actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages pursuant to 42 U.S.C. S 1981a.

25.

Defendants' have engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages pursuant to 42 U.S.C. S 1981a.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment as follows:

1. The Court Order Defendant to overturn all forged means of ownership of properties located and associated with the supposedly sale with Home Life Subdivision, All individual Sale of the eight (8) homes that is in- crunched upon her property located at 3414 West Stubbs Road immediately apologize and meet with her for individually negotiations of each properties and their three (3) feet or bare the sufferance of a possible eviction from the property or demolishing of the property.
2. The Court grant full restitution to her for all emotional damages
3. That the Court grant Plaintiff compensatory damages for the humiliation, emotional distress, and other damages caused by Defendants' conduct in and through these actions.

4. That the Court grants Plaintiff punitive damages for Defendants' malicious and recklessly indifferent conduct;

5. That the Defendant James L. Hollis individually pay the Plaintiff the sum of 5.6 million for his attempt to defraud her of legal representation by threatening her counsel by extortion causing him to withdraw from her case that caused him to perpetrate this fraud.

6. That the Court grant Plaintiff expenses of litigation, including reasonable attorneys' fees, pursuant to the U.S.C. S 1988);

7. That the Court grant Plaintiff a jury trial;

8. That the Court grant Plaintiff all other relief the Court deems just and proper; and,

9. That the Court grants temporary, preliminary, and permanent injunctive relief prohibiting Defendants from engaging in further discriminatory conduct.

Respectfully submitted this 14th day of June, 2013

*Betty J. Scott* (signature)

Betty J. Scott
3444 & 1414 West Stubbs Rd
Atlanta, GA 30349
(678) 365-7988

## CERTIFICATE OF SERVICE

I hereby certify that copies of this Complaint has been formatted in Word Processing and 14 font and a copy has been delivered to the Clerk of Court and delivered by United States Mail with first class postage to the following: Respectfully submitted this 14th day of June, 2013

Attorney: James L. Hollis
30 Ivan Allen, Jr. Blvd N.W.
Suite 700
Atlanta, GA 30308-3036

Betty J. Scott
3444 & 1414 West Stubbs Rd
Atlanta, GA 30349
(678) 365-7988

Don Brock "Home Life" Subdivision
c/o Attorney James L. Hollis
30 Ivan Allen Jr, Blvd N.W.
Suite 700
Atlanta, GA 30308-3036

Builder Christopher J. Moody
c/o Attorney James L. Hollis
30 Ivan Allen Jr. Blvd N.W.
Suite 700
Atlanta, GA 30308-3036

Attorney Thelma Cumming Moore
3285 Main St
Atlanta, GA 30337
(404) 699-6001

Marcus Allen
3492 Amhurst Pkwy
Atlanta, GA 30349

Gwen Jackson
3484 Amhurst Pkwy
Atlanta, GA 30349