IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BETTY J. SCOTT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ATTORNEY HOLLIS; HOMELIFE | : | CIVIL ACTION NO. |
| SBUDIVISION INC.; AMHURST | : | 1:13-CV-2004-AT |
| SUBDIVISION; THELMA | : | |
| CUMMINGS MOORE ESQ., DON | : | |
| BROCK; MARCUS ALLAN; GWEN | : | |
| JACKSON; and CHRISTOPHER J. | : | |
| MOODY, | : | |
| | : | |
| Defendants. | : | |

## ORDER

The Magistrate Judge has granted Plaintiff Betty Scott's request to proceed *in forma pauperis*. Therefore, this matter is before the Court on a review pursuant to 28 U.S.C. § 1915(e)(2).

### I.   STANDARD OF REVIEW

Title 28 U.S.C. § 1915(e)(2) requires a federal court to dismiss an action if it (1) is frivolous or malicious, or (2) fails to state a claim upon which relief may be granted. The purpose of Section 1915(e)(2) is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil

Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A dismissal pursuant to Section 1915(e)(2) may be made *sua sponte* by the Court prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering frivolous complaints. *Id.* at 324.

A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Id.* at 325. In other words, a complaint is frivolous when it "has little or no chance of success" — for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "seeks to enforce a right that clearly does not exist." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted); *see also Neitzke v. Williams*, 490 U.S. at 327. In the context of a frivolity determination, the Court's authority to "'pierce the veil of the complaint's factual allegations' means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. at 325).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion

[of] a legally cognizable right of action"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 680-685 (2009); *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal"). While the Federal Rules do not require specific facts to be pled for every element of a claim or that claims be pled with precision, "it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007). A plaintiff is required to present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court recognizes that Plaintiff is appearing *pro se*. Thus, her complaint is more leniently construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, nothing in that leniency excuses a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1998), *cert. denied*, 493 U.S. 863 (1989). Nor does this leniency require or allow courts "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an

action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

## II. ALLEGATIONS IN THE COMPLAINT

Plaintiff purports to bring an action for "Fraud, Forgery by Deception[, and] Unjustifiable abuse of power" against a variety of Defendants. (Compl. ¶ 1.) According to Plaintiff, she met the Defendants in August 1999 after she purchased seven acres of real property from non-party Claudia Butt. (*Id.* ¶ 7.)[1] At some point, Plaintiff and Ms. Butt were involved in a lawsuit. (*Id.* ¶ 12.) The presiding judge, according to Plaintiff, was Defendant Thelma Cummings Moore. (*Id.*) Plaintiff does not explain the nature of this lawsuit but alleges that, by presiding over the case, Judge Moore learned "the width and length as well as the breath [sic] of the bumper zones and plats" of Plaintiff's property. (*Id.*)

Sometime later, builders associated with Defendants HomeLife Subivision, Inc. ("HomeLife") and Amhurst Subdivision approached Plaintiff about buying a small portion of Plaintiff's land to complete the construction of a new subdivision. (*Id.* ¶ 21.) Defendant James L. Hollis represented HomeLife. (*Id.*) Plaintiff retained counsel. (*Id.*) What transpired next is unclear. Evidently, a dispute arose about the sale of her property, and Defendant James L. Hollis "took the Plaintiff to Court. (*Id.* ¶ 11.) The presiding judge, according to Plaintiff was again Thelma Cumming Moore. (*Id.* ¶ 11.)

---

[1] The Court is unable to discern which Defendants Plaintiff specifically met at this time.

4

Plaintiff alleges that one of the Defendants "committed a crime of deception and forgery when he had someone sign the manipulated documents." (*Id.* ¶ 13.) The Court is unable to understand what manipulated documents Plaintiff references here. And although Plaintiff asserts that she has "proof of fraud, deception and forgery," she does not attach any such proof to her Complaint. (*Id.* ¶ 15.) Plaintiff also alleges that Judge Moore violated her "Fourth Amendment Right of due process [because she] would not allow her exhibits nor her answers be recorded in Court." (*Id.* ¶ 14.) Plaintiff does not elaborate further.

## III.  DISCUSSION

Plaintiff's Complaint fails to state a comprehensible basis for relief under any legal theory. First, Plaintiff appears to seek relief pursuant to 42 U.S.C. § 1983 for violations of her Constitutional rights based on Defendant Judge Thelma Cumming Moore's rulings in a separate lawsuit. (*See* Compl. ¶ 14.) Judges enjoy absolute immunity from a § 1983 lawsuit for their rulings so long they do not act "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 357 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."). Plaintiff has put forth no factual allegations to support a finding of such abuse of authority.

Other than her claim against Judge Moore, Plaintiff appears to assert only state law claims. Plaintiff and at least some of the Defendants appear to be citizens of the State of Georgia and are thus not completely diverse for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332; *Legg v. Wyeth*, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005). Thus, this Court does not likely have jurisdiction to address Plaintiff's other claims. Nonetheless, the Court considers several other claims Plaintiff references in her Complaint and finds that none are adequately pled.

First, Plaintiff attempts to bring a state-law claim for fraud. (*See* Compl. ¶¶ 1, 13, 15.) "In order to prove fraud [in Georgia], the plaintiff must establish five elements: (1) a false representation by a defendant, (2) scienter, (3) intention to induce the plaintiff to act or refrain from acting, (4) justifiable reliance by plaintiff, and (5) damage to plaintiff." *Summit Automotive Group, LLC v. Clark*, 298 Ga. App. 875, 880 (2009) (citation and punctuation omitted). Additionally, Rule 9(b) of the Federal Rules of Civil Procedure requires a Complaint "alleging fraud or mistake . . . [to] state with particularity the circumstances constituting fraud or mistake." In *American Dental Association v. Cigna Corporation*, 605 F.3d 1283, (11th Cir. 2010), the Eleventh Circuit reiterated that, "pursuant to Rule 9(b), a plaintiff must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Id.* at 1291

(quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997)) (internal quotation marks omitted).  Plaintiff's fraud claim fails to satisfy this level of particularity and is thus subject to dismissal.

Plaintiff then appears to assert claims under 42 U.S.C. §§ 1981, 1983 or 1985, for unidentified "discriminatory conduct."  (Compl. ¶¶ 23-24.)  "A claim under 42 U.S.C. § 1981 requires intentional race discrimination, and the test is the same as the formulation used in Title VII discriminatory treatment cases."  *Greer v. Birmingham Bev. Co.*, 291 F. App'x 943, 945 (11th Cir. 2008) (internal quotations omitted).  To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *See Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).  To state a claim for relief under § 1985(3), a plaintiff must allege

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, [plaintiff] of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby [plaintiff] is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Denney v. City of Albany*, 247 F.3d 1172, 1190 (11th Cir. 2001).[2]

If a plaintiff fails to satisfy these pleading requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal.  *See Chappell v. Rich*, 340 F.3d 1279, 1283-84 (11th Cir. 2003)

---

[2] The Court construes Plaintiff claim under 18 U.S.C. § 371, a criminal conspiracy statute, as a claim under 42 U.S.C. § 1985(3).

(affirming district court's dismissal of § 1983 complaint because plaintiffs' factual allegations were insufficient to support asserted constitutional violation); *L.S.T., Inc. v. Crow*, 49 F.3d 679, 683-84 (11th Cir. 1995) ("It is well-established that . . . conclusory allegations are insufficient to state a § 1983 claim for relief."). Plaintiff fails to identify the specific conduct that allegedly violated her rights and the specific Defendant responsible for such conduct.  Thus, her allegations are insufficient to support claims under 42 U.S.C. §§ 1981, 1983 or 1985.

Finally, Plaintiff asserts that Defendants actions have violated various sections of Title 18 of the United States Code.  None of these claims are supported by ample factual allegations.  (*See* Compl. ¶ 22-24.)  For example, to assert a claim for Mail or Wire Fraud in violation of 18 U.S.C. §§ 1341 and 1343, a plaintiff must satisfy the heightened pleading standards required for fraud claims under Rule 9(b) of the Federal Rules of Civil Procedure.  *See American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010); *see e.g.*, *PortionPac Chemical Corp. v. Sanitech Sys., Inc.*, 210 F. Supp. 2d 1302, 1307 (M.D. Fla. 2002). Plaintiff does not satisfy this pleading standard.

Likewise, under the federal Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962(c), "plaintiffs must satisfy four elements of proof: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Williams v. Mohawk Indus., Inc.*, 465 F.3d 1277, 1282-83 (11th Cir. 2006) (quoting *Jones v. Childers*, 18 F.3d 899, 910 (11th Cir. 1994))

(internal quotation marks omitted).  Plaintiff has failed to allege any such conduct.

Finally, Plaintiff asserts claims of false statements and identity theft under 18 U.S.C. §§ 1001 and 1028 respectively.  These sections establish criminal conduct and provide Plaintiff with no relief in this civil case.

## IV.   CONCLUSION

Plaintiff has not set forth any cognizable claim for relief, based on either direct or inferential allegations, under any viable legal theory.  Accordingly, the Court is required to dismiss Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2).  The Complaint is therefore **DISMISSED**.  The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED** this 27th day of June, 2013.

_____
**Amy Totenberg**
**United States District Judge**